**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JUAN SALAZAR-ARVISU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:12-CV-148 WL |
| | ) |
| SUPERINTENDENT, MIAMI | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

# AMENDED OPINION AND ORDER

Petitioner Juan Salazar-Arvisu is a prisoner confined at the Miami Correctional Facility who filed a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. On August 23, 2007, the Petitioner pleaded guilty in the Elkhart Superior Court to dealing in methamphetamine, and was sentenced to twenty-five years imprisonment. (DE 9-1 at 6-7). The Petitioner did not file a direct appeal challenging his conviction or sentence, but he filed a motion for modification of sentence on November 26, 2007 (DE 9-1 at 7), on July 29, 2008, he filed an incomplete petition for post- conviction for relief (DE 9-2 at 2), and on October 29, 2008, he properly filed his petition for post-conviction relief (*Id.*). On July 30, 2009, the trial court denied the Petitioner's petition for post-conviction (DE 9-2 at 5). On February 11, 2011, the Indiana Court of Appeals affirmed the denial of post-conviction relief (DE 9-4). The Petitioner did not seek transfer to the Indiana Supreme Court (DE 9-3).

The clerk received the Petitioner's petition for writ of habeas corpus on March 30, 2012. But the "mailbox" rule, established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court. The Petitioner signed his petition for writ of habeas corpus on March 26, 2012 (DE 1 at 9), so, for the purposes of this memorandum, the Court deems his petition to have been filed on March 26, 2012.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year from the latest occurring of four events. The one-year period of limitation runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review; (2) the date on which an unconstitutional impediment to appeal, created by the state, has been removed; (3) the date on which the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n. 6 (1987).

Rule 19 of the Indiana Rules of Criminal Procedure provides that a "Notice of Appeal . . . must be filed within thirty (30) days after the date of sentencing." Salazar was sentenced on August 23, 2007 (DE 9-1 at 6-7). The thirty days within which the Petitioner had to file a notice of appeal expired on September 22, a Saturday, so his notice of appeal was due by Monday, September 24, 2007. Because the Petitioner did not file a notice of appeal by that deadline, his statute of limitations began to run on September 24, 2007.

The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Petitioner filed a motion for modification of sentence which was filed and denied on November 26, 2007 (DE 9-1 at 7). The Petitioner properly filed his petition for post-conviction relief on October 29, 2008 (DE 9-2 at 2), which did not serve to toll the statute of limitations because the statute of limitations expired before that date. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000)). Moreover, even had the time period been tolled by the filing of the petition for post-conviction relief, the petition would still be untimely because the review of the Petitioner's post-conviction proceeding ended on March 13, 2011, the time in which to seek transfer from the Indiana Court of Appeals decision affirming the denial of post-conviction relief expired. The Petitioner did not file his habeas petition until March 26, 2012, over a year after the time within which he had to seek transfer expired. Accordingly, the petition is untimely under § 2244(d)(1)(A).

The petition is also untimely under the balance of the provisions in § 2244(d)(1). The Petitioner does not allege that there was any impediment to filing his petition for state post-conviction relief. Accordingly, the federal claims are barred as untimely under 28 U.S.C. § 2244(d)(1)(B). Further, the claims in the petition are not founded nor are they alleged to be founded on new law made retroactively applicable to cases on collateral review or on facts that could not previously have been discovered with the exercise of due diligence. Thus, the petition is barred as untimely under 28 U.S.C. § 2244(d)(1)(C) and (D).

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, a petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, a petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that this petition is barred by the statute of limitations. The Petitioner has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue the Petitioner a certificate of appealability.

For the foregoing reasons, the court DISMISSES this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), DENIES the Petitioner a certificate of appealability, and DIRECTS the Clerk to close this case.

**SO ORDERED**

DATED: October 1, 2012

 s/William C. Lee
William C. Lee, Judge
United States District Court